# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUPER DEVELOPMENT LLC, GO CUDAHY LLC, DAVINA LLC, GENIUS DISTRIBUTION LLC, HERBAL DRAGON LLC, and DANIEL & GOLIATH LLC, <br>    Plaintiffs, <br><br>v.<br><br>CITY OF CUDAHY, a municipal corporation; and ALFONSO NOYOLA; ELIZABETH ALCANTAR; MARTIN FUENTES; CYNTHIA GONZALEZ; DAISY LOMELI; JOSHUA CALHOUS; RAUL DIAZ; CECILIA MADRIGAL-GONZALEZ; and LOUIS MORALES, <br>    Defendants. | No. 2:24-cv-02833-DSF-SK <br><br>Order GRANTING in Part Defendants' Motion to Dismiss (Dkt. 14) |

Defendants City of Cudahy, Alfonso Noyola, Elizabeth Alcantar, Martin Fuentes, Cynthia Gonzalez, Daisy Lomeli, Joshua Calhoun, Raul Diaz, and Cecelia Madrigal-Gonzalez move to dismiss the claims against them. Dkt. 14 (Mot.). Plaintiffs Cuper Development LLC, Go Cudahy LLC, Davina LLC, Genius Distribution LLC, Herbal Dragon LLC, and Daniel & Goliath LLC oppose. Dkt. 21 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. FACTUAL BACKGROUND

Plaintiffs are six limited liability companies that sought to cultivate, manufacture, and distribute cannabis in the City of Cudahy. Dkt. 1 (Compl.) ¶¶ 15, 28. In 2017, Plaintiffs met with City officials about obtaining permits to operate cannabis manufacturing facilities. Id. ¶ 28. On May 15, 2018, the City adopted Ordinances No. 676 through 682, which approved identical Development Agreements for each of the Plaintiffs. Id. ¶¶ 29, 30. Section 7(c) of the Agreement states that the "Owner agrees to pay to City . . . a monthly operating fee of [.42 x total square foot of the "Premises"] until Owner is operating on the Premises and selling product under its City Regulatory Permit and State Regulatory Permit." See Dkt. 1-1 (Development Agreement).[1] The City charged Plaintiffs this monthly operating fee despite the COVID-19 national emergency. See Compl. ¶ 44. Defendants represented that Plaintiffs owed $5,404,282 in fees. Id. ¶ 56. Five Plaintiffs refused to pay these fees, which resulted in the City moving to find them in default for violating the Agreements. Id.

Plaintiffs filed suit, arguing that the fees demanded by the City during the pandemic closures violate the Agreements. Id. ¶ 57. Plaintiffs assert claims for: (1) breach of contract; (2) violation of the Racketeer Influenced and Corrupt Organization Act (RICO); (3) conspiracy to violate RICO; (4) violation of equal protection; (5) violation of due process; (6) violation of Government Code § 66020; (7) a declaratory judgment stating that the operating fees are an illegal tax;

---

[1] A Court may consider documents attached as exhibits to the complaint without converting a motion to dismiss into a motion for summary judgment. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). The Court can do this, however, only if the complaint specifically refers to the document and the document's authenticity is not questioned. Fed. R. Evid. 201; Townsend v. Columbia Operations, 667 F.2d 844, 848-49 (9th Cir. 1982). The Court will consider the Agreement because it is attached to the complaint, referred to in the complaint, and its authenticity is not challenged.

(8) a declaratory judgment stating that the operating fees are an illegal impact fee; and (9) wrongful use of administrative proceedings.

## II. LEGAL STANDARD

"Dismissal under Rule 12(b)(6) is proper when the complaint . . . fails to allege sufficient facts to support a cognizable legal theory . . . ." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. DISCUSSION[2]

### A.   Statutory Standing Under RICO

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which

---

[2] Defendants request that the Court take judicial notice of the following documents: (1) Governor Gavin Newsom's Executive Order N-33-20 issued on March 19, 2020; (2) California State Public Health Officer's list of "Essential

affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity[.]" 18 U.S.C. § 1962(c). To state a claim under RICO, plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." Coronavirus Rep. v. Apple, Inc., 85 F.4th 948, 958 (9th Cir. 2023) (citation omitted). "'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud [and] wire fraud[.]" Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004). "Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." Sanford v. MemberWorks, Inc., 625 F.3d 550, 557 (9th Cir. 2010).

Defendants argue that Plaintiffs do not have statutory standing to assert a RICO claim. Mot. at 6-7. RICO creates a private right of action for "[a]ny person injured in his business or property by reason of a violation" of its substantive provisions to recover civil remedies. 18 U.S.C. § 1964(c). "To have standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was by reason of a RICO violation, which requires the plaintiff to establish proximate causation." Canyon Cnty. v. Syngenta Seeds, Inc., 519 F.3d 969, 972 (9th Cir. 2008) (internal quotation marks and citation omitted).

Defendants rely on the Ninth Circuit's decision in Shulman v. Kaplan, 58 F.4th 404 (9th Cir. 2023) to assert that Plaintiffs do not have statutory standing to bring their RICO claims because "business or property" under RICO does not include cannabis-related commerce.

---

Critical Infrastructure Workers" issued on April 28, 2020; (3) County of Los Angeles Public Health Officer's "Safer at Home Order for Control of COVID-19" issued on March 21, 2020; (4) City of Cudahy's Resolution No. 20-06; (5) Exhibit 1 to Plaintiffs' complaint; and (6) Exhibit 4 to Plaintiffs' complaint. See Dkt. 15 (RJN). The Court grants this request as unopposed.

Mot. at 7. Plaintiffs contend that Shulman does not apply because five of the Plaintiffs never opened for business. Opp'n at 17. Plaintiffs further seek to distinguish Shulman by relying on Barch v. Barch, No. 1:18-cv-03016-RBJ-MDB, 2024 WL 480625, at *2 (D. Colo. Feb. 1, 2024), to argue that courts can resolve disputes arising from cannabis companies. See Opp'n at 18. However, the issue is not whether cannabis companies can assert causes of action relating to their cannabis-related business, but whether there is statutory standing to assert a RICO claim specifically.

The Court finds that Plaintiffs' RICO claims are barred under the rationale articulated in Shulman. As the Ninth Circuit explained, "it is clear that Congress did not intend 'business or property' to cover cannabis-related commerce." Shulman, 58 F.4th at 411. The circuit further noted that in enacting RICO, Congress "expressly defined 'racketeering activity' to include the 'manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in' cannabis." Id. (quoting 18 U.S.C. § 1961(1)(D); 21 U.S.C. §§ 802, 812). And "[b]ecause RICO's definition of racketeering activity necessarily encompasses dealing in cannabis, it would be inconsistent to allow a business that is actively engaged in cultivation of and commerce in cannabis to recover damages under RICO for injury to that business." Id. The Court does not read the circuit's holding as narrowly as Plaintiffs do. The Court reads Shulman to hold that a plaintiff does not have statutory standing under RICO if the business or property is related to cannabis. According to the complaint, the City issued permits to Plaintiffs to operate a cannabis facility pursuant to the Agreements. Compl. ¶ 1. The Agreements stated that the businesses "may operate cannabis-related activities" and that the "property may be used for commercial cannabis" cultivation, manufacturing, and distribution. Id. ¶ 35. The Court finds that the businesses were cannabis-related, even though they never opened for business. See Minutes of Zoom Hearing: Defendant's Motion to Dismiss First Amended Complaint at 11-13, DJCBP Corp. v. City of Baldwin Park, No. 2:23-cv-00384-CAS-PVC (C.D. Cal. Aug. 28, 2023), ECF No. 37 (finding the alleged $900,000 loss tied to a cannabis development

agreement fell under "cannabis-related commerce," even though their venture had not opened for business). Shulman precludes such businesses from serving as a basis for RICO standing. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' RICO claims.[3]

### B.  Equal Protection Under 42 U.S.C. § 1983

Defendants argue that Plaintiffs' equal protection claim fails because Plaintiffs do not allege that they are members of a protected class, nor do they allege a sufficient class-of-one claim. See Mot. at 12. The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based on membership in a protected class, or that defendants purposefully treated him differently from similarly situated individuals without any rational basis for the disparate treatment (often referred to as a "class of one" claim). See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); see also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

Plaintiffs contend that their equal protection claim is a "class of one" claim. See Opp'n at 26. According to Plaintiffs, "[t]he complaint alleges only cannabis business [sic] are required to pay non-operating fees, [and] all others are exempted." Opp'n at 26. However, Plaintiffs fail to allege this in the complaint.[4] Even still, Plaintiffs would need to

---

[3] Defendants also argue that Plaintiffs have not identified a RICO predicate offense to support a RICO claim, and that Plaintiffs fail to state a claim for RICO conspiracy. Mot. at 7-11. Because the Court finds that Plaintiffs lack standing to bring both RICO claims, the Court need not address Defendants' other arguments.

[4] Instead, the complaint alleges that the Defendants have committed "many episodes of extortion" against other businesses "under similar

allege greater similarities between themselves and the preferred class of similarly situated businesses to "plausibly suggest an entitlement to relief." See Starr, 652 F.3d at 1216; see also Thornton v. City of St. Helens, 425 F.3d 1158, 1167-68 (9th Cir. 2005) (holding that different land uses, or even an identical use in a different zone, do not qualify as similarly situated). A plaintiff cannot assert a valid equal protection claim by placing "all persons not injured into a preferred class receiving better treatment than the plaintiff." Thornton, 425 F.3d at 1167 (internal quotation marks and citation omitted). Because Plaintiffs fail to plausibly allege an equal protection claim, the Defendants' motion to dismiss the claim is granted.

C.    **Due Process Claim**

Defendants assert that Plaintiffs' due process claim fails because there is no protected property interest in the cultivation, manufacturing, or distribution of cannabis. Mot. at 13. Plaintiffs do not rebut this argument; instead they contend that the complaint put Defendants on notice that the City denied Plaintiffs their due process rights by refusing to hold the required annual review hearings. Opp'n at 27.

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994) (citing Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972)). "A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.'" Id. (quoting Roth, 408 U.S. at 577). However, "not all state-created rights rise to the level of a constitutionally protected interest." Brady v. Gebbie, 859 F.2d 1543, 1548 n.3 (9th Cir. 1988). "[F]ederal constitutional law determines whether that interest rises to the level of a legitimate claim of

---

circumstances." Compl. ¶ 157. This assertion suggests that Plaintiffs were not treated differently from others similarly situated.

7

entitlement protected by the Due Process Clause." Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978) (internal quotation marks and citation omitted); accord Samson v. City of Bainbridge Island, 683 F.3d 1051, 1057 (9th Cir. 2012).

The complaint does not clearly state what property interest Plaintiffs are alleging. One possibility is a property interest in the cultivation, manufacture, and distribution of cannabis. Another is a property interest in the annual review hearings that were required by the Agreements. However, neither of those alleged interests is sufficient to establish a due process claim. As other district courts have noted, cannabis cultivation cannot be a protectable property interest under the Constitution. See, e.g., Kent v. Cnty. of Yolo, 411 F. Supp. 3d 1118, 1123 (E.D. Cal. 2019); Staffin v. Cnty. of Shasta, No. 2:13-cv-00315-JAM-CMK, 2013 WL 1896812, at *4 (E.D. Cal. May 6, 2013); Schmidt v. Cnty. of Nevada, No. 2:10-cv-3022-FCD-EFB, 2011 WL 2967786, at *5 (E.D. Cal. July 19, 2011). Further, the Ninth Circuit has held that common law breach of contract claims provide adequate process for a deprivation of a property right derived from a contract.[5] See DeBoer v. Pennington, 287 F.3d 748, 759 (9th Cir. 2002). Because Plaintiffs have not alleged a protected property interest, the Court concludes that Plaintiffs fail to state a due process claim. The motion to dismiss the due process claim is granted.

---

[5] The exception is if the property right is a "present entitlement . . . to exercise ownership dominion over real or personal property, or to pursue a gainful occupation." See DeBoer v. Pennington, 287 F.3d 748, 759 (9th Cir. 2002) (quoting Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 196 (2001)). The right to a review hearing does not fall within this exception. See In re: Santa Clarita, LLC, No. 2:22-CV-04261-JLS, 2023 WL 6194159, at *5 (C.D. Cal. Aug. 21, 2023) (finding no present entitlement where plaintiff alleges City breached the parties' development agreement by refusing to extend the contract per an automatic extension provision).

### D.   State Law Claims

Plaintiffs' remaining claims all arise under California law.  A district court may assert supplemental jurisdiction over claims that "form part of the same case or controversy" over which a district court has original jurisdiction.  28 U.S.C. § 1367(a).  However, if a district court dismisses all claims over which it has original jurisdiction, the court "may decline to exercise supplemental jurisdiction" over the remaining claims.  28 U.S.C. § 1367(c); see also Sanford, 625 F.3d at 561.  Because the complaint, as pleaded, fails to establish a claim under federal law, the Court cannot determine whether it should exercise supplemental jurisdiction over Plaintiffs' state law claims.  The Court therefore declines to opine on the validity or sufficiency of Plaintiffs' state law claims at this time.

### E.   Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend when justice requires.  This rule should be interpreted and applied with "extreme liberality."  Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991) (internal quotation marks and citation omitted).

## IV. CONCLUSION

The Court dismisses Plaintiffs' RICO claims,[6] § 1983 claim, and due process claim with leave to amend if Plaintiffs can do so consistent with Rule 11 of the Federal Rules of Civil Procedure.[7]  An amended complaint may be filed and served no later than August 19, 2024.  Leave to add new defendants or claims must be sought by a separate, properly-noticed motion.  Plaintiffs must provide a redlined version of the amended complaint to the Court's generic chambers email.  Failure

---

[6] Plaintiff Go Cudahy LLC concedes that it lacks statutory standing to bring a RICO claim.  See Opp'n at 17.  The Court dismisses Go Cudahy's Claim 2 and Claim 3 with prejudice.

[7] The Court also suggests that Plaintiffs carefully consider the other issues raised by the motion and amend if appropriate.

9

to file an amended complaint by the ordered date will waive Plaintiffs' right to do so and the claims will be dismissed with prejudice.

    IT IS SO ORDERED.

Date: 7/25/24

                                          Dale S. Fischer
                                          United States District Judge